UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MF GLOBAL HOLDINGS LTD;<br>MF GLOBAL FINANCE USA, INC., *et al.,*<br><br>                    Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 11-15059 (MG)<br>Case No. 11-15058 (MG)<br><br>Jointly Administered |
| Todd Thielmann, Pierre-Yvan Desparois, Natalia Sivova, Sandy Glover-Bowles and Arton Sina, Individually, and on behalf of All Other Similarly Situated Former Employees,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>MF GLOBAL HOLDINGS, LTD;<br>MF GLOBAL HOLDINGS USA, INC.;<br>MF GLOBAL FINANCE USA, INC.,<br><br>                    Defendants. | Adv. Pro. No. 11-02880 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT**

*A P P E A R A N C E S:*

PEPPER HAMILTON LLP
*Special Counsel for Louis J. Freeh, Chapter 11 Trustee*
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, New York 10018-1405
By:   Robert S. Hertzberg, Esq.
        James D. VandeWyngearde, Esq. (*pro hac vice*)

1

OUTTEN & GOLDEN LLP
*Attorneys for Plaintiffs and the Putative Class*
3 Park Avenue, 29th Floor
New York, New York 10016
By:   Jack A. Raisner, Esq.
      René S. Roupinian, Esq.

KLEHR HARRISON HARVEY BRANZBURG LLP
*Attorneys for Plaintiffs and the Putative Class*
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
        By:   Charles A. Ercole, Esq. (*pro hac vice*)
              Kathryn Evans Perkins, Esq. (*pro hac vice*)
              Diana E. Lipschutz, Esq. (*pro hac vice*)

LANKENAU & MILLER, LLP
*Cooperating Attorneys for the NLG Maurice and
Jane Sugar Law Center for Economic and
Social Justice; Attorneys for Plaintiffs and
the Putative Class*
132 Nassau Street, Suite 423
New York, New York 10038
By:   Stuart J. Miller (SJM 4276)

THE GARDNER FIRM, P.C.
*Cooperating Attorneys for the NLG Maurice and
Jane Sugar Law Center for Economic and
Social Justice; Attorneys for Plaintiffs and
the Putative Class*
210 S. Washington Avenue
Mobile, Alabama 36602
By:   Mary E. Olsen, Esq.
      M. Vance McCrary, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is *MF Global Holdings Ltd., MF Global Holdings USA, Inc., and MF Global Finance USA, Inc.'s Motion to Dismiss Second Amended Class Action Adversary Proceeding Complaint* ("Motion," ECF Doc. # 67). The Plaintiffs filed their opposition (ECF Doc. # 70), and the Defendants filed a reply (ECF Doc. # 72). The Court heard argument on the

2

Motion on July 29, 2013. For the reasons explained below, the Court grants the Defendants' Motion to dismiss with prejudice.

## I.    BACKGROUND

Between November 11, 2011 and November 14, 2011, three adversary complaints seeking relief under state and federal WARN Acts were filed on behalf of employees terminated by the Defendants. (*See* Adv. Pro. No. 11-02880-mg; Adv. Pro. No. 11-02881-mg; and Adv. Pro. No. 11-02882-mg.) On December 12, 2011, a consolidated amended complaint (the "Consolidated Complaint") was filed on behalf of all plaintiffs. On March 5, 2012, two motions to dismiss the Consolidated Complaint were filed: one by the SIPA Trustee on behalf of MF Global Inc. ("MFGI"); and one by the Chapter 11 Trustee on behalf of the chapter 11 debtors, MF Global Holdings, Ltd., MF Global Holdings USA, Inc., and MF Global Finance USA, Inc. (the "First Motions to Dismiss").

On September 12, 2012, the Court heard argument on the First Motions to Dismiss. During that hearing, Plaintiffs' counsel said, in response to questions from the Court, that "[w]e don't know who effectively was [plaintiffs'] employer." (Sept. 12, 2012 Tr. at 48:21 (ECF Doc. # 61).) Later in the hearing, the Court stated: "[Y]ou can't just throw out plaintiffs worked for the defendants. That's not going to cut it. . . . I need more—if you get as far as an amended complaint you're going to have to provide many more specifics. . . . If I dismiss the case against MF Global, Inc. and any of the plaintiffs were employees of MF Global, Inc.—it certainly sounds that Mr. Thielmann was an employee of MF Global, Inc.—you know, his claim is going to go along with the dismissal." (*Id.* at 62:15-63:2.)

At the September 12th hearing, the Court requested that counsel submit letters to the Court identifying the entities by which each of the named Plaintiffs was employed. (*Id.* at 30:25-

3

31:4.) On September 14, 2012, Defendants' counsel complied with the Court's request and submitted a letter showing that each of the Plaintiffs was employed by MFGI. (ECF Doc. # 59.) The letter stated that "According to the Companies' records, each of the named Plaintiffs (Todd Thielmann, Pierre-Yvan Desparois, Natalia Sivova, Sandy Glover-Bowles and Arton Sina) was employed by MF Global, Inc." *Id.* Plaintiffs' counsel also submitted a letter, but the letter did not identify the specific entity by which each of the named Plaintiffs was employed. (ECF Doc. # 60.)

On October 23, 2012, the Court entered a *Memorandum Opinion and Order (I) Granting the SIPA Trustee's Motion to Dismiss with Prejudice, and (II) Granting the Chapter 11 Trustee's Motion to Dismiss Without Prejudice and With Leave to Amend* (ECF Doc. # 63). *See Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd.)*, 481 B.R. 268 (Bankr. S.D.N.Y. 2012). In granting the SIPA Trustee's motion to dismiss with prejudice, the Court applied the "liquidating fiduciary" doctrine and found that

> from the moment the SIPA proceeding was removed to this Court on October 31, 2011, the SIPA Trustee was unquestionably a "liquidating fiduciary." The statute governing the appointment of the SIPA Trustee states that the SIPA Trustee's purpose is "to liquidate the debtor's business." 15 U.S.C. § 78fff(a). The SIPA Trustee immediately began to wind down MFGI's assets and engage in other activities for the purpose of liquidating the estate.

*Id.* at 282-83. Accordingly, all claims against MFGI were dismissed with prejudice.

In the Court's Opinion and Order, the Court declined to apply the "liquidating fiduciary" doctrine to the chapter 11 debtor-defendants, *id.* at 283, but the Court dismissed the Amended Complaint against the chapter 11 debtor-defendants without prejudice, because "the allegations in the Amended Complaint are nevertheless deficient." *Id*. The Court stated:

> The complaint must be amended to include appropriate allegations. More importantly, the Amended Complaint does not indicate

4

> where each Plaintiff worked (at MFGI or at one of the chapter 11 Debtors), who gave each Plaintiff a notice of termination, or when it was given. If the complaint is going to survive, a further amended complaint must be filed setting forth appropriate allegations.

*Id.*

On November 26, 2012, the same five Plaintiffs who filed the initial Amended Complaint filed their Second Amended Complaint. (ECF Doc. # 64.) On December 21, 2012, the Defendants filed their Motion. The Defendants essentially argue that because Plaintiffs have still not identified the specific MF Global entity that employed each of the Plaintiffs, they have failed the Rule 12(b)(6) motion to dismiss standard. The Defendants' counsel also notes that in the September 14, 2012 letter to the Court, filed in response to the Court's direction, counsel advised that each of the Plaintiffs was employed by MFGI, a fact that Plaintiffs' counsel has never refuted. The Court has already determined in the October 23, 2012 Opinion and Order that MFGI cannot be sued under the WARN Act because it was a "liquidating fiduciary," and not an "employer," as the term is defined under the WARN Act. 481 B.R. at 282-83.

Rather than complying with the Court's direction that any amended complaint must identify the entity by which each Plaintiff was employed, Plaintiffs rest their opposition to the Motion on their argument that the "single employer" doctrine applies, making the remaining defendants liable on WARN Act claims no matter which entity employed the Plaintiffs. According to the Plaintiffs, the "single employer" doctrine looks beyond company-given labels, and focuses instead on how the nominal entities were related to one another. The Plaintiffs argue that they have plead facts in the Amended Complaint establishing single employer liability under the DOL's specific five-prong test (common ownership, common directors/officers, *de facto* exercise of control, unity of personnel policies, and dependency of operations).

5

In their Reply, the Defendants argue that the "single employer" doctrine has never been applied in the way that Plaintiffs urge the Court to apply it. Relying on the WARN Act regulations governing the single employer doctrine, the Defendants argue that the doctrine only allows that, under certain circumstances, multiple entities can be treated as one; it does not allow state or federal WARN Act liability to attach to related entities after an employee's WARN Act claims against his or her immediate employer have been barred as a matter of law. The Defendants argue that if Plaintiffs want to treat the remaining Defendants and MFGI as a single employer, then the remaining Defendants should be entitled to rely upon the liquidating fiduciary doctrine as a basis for dismissal.

## II.    DISCUSSION

To survive a motion to dismiss brought under Rule 12(b)(6), made applicable here by FED. R. BANK. P. 7012, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556*).* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal quotation marks, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at. 570*; see also Iqbal,* 556 U.S. at 679.

6

Courts use a two-prong approach when considering a motion to dismiss. *McHale v. Citibank, N.A. (In re the 1031 Tax Group, LLC),* 420 B.R. 178, 189-90 (Bankr. S.D.N.Y. 2009). First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See, e.g., Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal,* 556 U.S. at 678-79). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal,* 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 557) (internal quotation marks omitted)). "A pleading that offers 'labels and conclusions' or a 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555) (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Id.*

Plaintiffs' Second Amended Complaint asserts two causes of action: (1) an alleged violation of the WARN Act, 29 U.S.C. § 2101 *et seq*; and (2) an alleged violation of the New York WARN Act, Labor Law § 860, *et seq.* Essential to both of these causes of action is the

notion that they be brought by an employee against his or her "employer." *See, e.g.,* 29 U.S.C. § 2104(a)(1) ("Any employer who orders a plant closing or mass layoff in violation of section 3 of this Act shall be liable to each aggrieved employee . . . ."); N.Y. Lab. Law. § 860-g(1) ("An employer who fails to give [60 days' written] notice as required . . . is liable to each employee entitled to notice . . . .").

Section 2101(a)(1) defines an "employer" as follows:

> (1) the term "employer" means any *business enterprise* that employs—
> (A) 100 or more employees, excluding part-time employees; or
> (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime);

29 U.S.C. § 2101(a)(1) (emphasis added).

The WARN Act does not define the term "business enterprise." However, pursuant to her authority to prescribe interpretive regulations set forth in 29 U.S.C. § 2107(a), the Secretary of Labor enacted § 639.3(a)(2) of Title 20 of the Code of Federal Regulations which provides that a subsidiary employer may be considered part of its parent, and, together, may be held to be a "single business enterprise" subject to liability under the WARN Act. 20 C.F.R. § 639.3(a)(2) (subsidiaries are treated "as separate employers or as a part of the parent or contracting company depending upon the degree of their independence from the parent"); *see In re APA Transp. Corp. Consol. Litig.*, 541 F.3d 233, 242-43 (3d Cir. 2008). The "single employer" doctrine is an exception to the doctrine of limited liability. *See Murray v. Miner*, 74 F.3d 402, 405 (2d Cir. 1996).

Where the parent or an affiliate makes the decision to shut down the business, it may be appropriate to extend liability to the parent or affiliate on the basis of the single employer doctrine. But that rationale makes no sense in the context of a registered broker-dealer that is

8

subject to SIPA. Here, the Securities Investor Protection Corporation ("SIPC"), acting on its own for the protection of customers of a broker-dealer, filed the proceeding leading to the appointment of the SIPA Trustee and the statutorily required liquidation of the business of MFGI. When employment is terminated of the requisite number of employees of the liquidating broker-dealer in the SIPA proceeding that would otherwise trigger WARN liability, the Court has already held that the liquidating fiduciary doctrine is a defense to WARN liability. *See Thielmann,* 481 B.R. at 282-83. In such circumstances, there is no basis for extending liability to the parent or other affiliates; termination of employment results from the commencement of the SIPA proceeding by SIPC, not from any act of the parent or affiliates.

Here, Plaintiffs' counsel failed to amend the complaint to allege that the named Plaintiffs were employed by anyone other than MFGI. Rather than amending the complaint as directed by the Court, Plaintiffs' counsel chose instead to rely on the "single employer" doctrine that cannot apply in the circumstances present in this case. Under these circumstances, the Second Amended Complaint should be dismissed with prejudice.

### III.    CONCLUSION

For the reasons set forth above, the Defendants' Motion is **GRANTED**. The Second Amended Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  August 23, 2013
        New York, New York

                                                    ___*Martin Glenn*_____
                                                    MARTIN GLENN
                                                    United States Bankruptcy Judge

9