UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | X | |
| In re | : | Chapter 11 |
| | : | |
| MF GLOBAL HOLDINGS, LTD.; MF | : | Case No. 11-15059 (MG) |
| GLOBAL FINANCE USA, INC. et al. | : | Case No. 11-15058 (MG) |
| | : | Case No. 11-02790 (MG) SIPA |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | X | |
| | : | |
| Todd Thielmann, Pierre-Yvan Desparois, | : | |
| Natalia Sivova, Sandy Glover-Bowles, and | : | |
| Arton Sina,  Individually, and on behalf of | : | |
| All   Other   Similarly   Situated   Former | : | |
| Employees, | : | |
| | : | Adv. Pro. No. 11-02880 (MG) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MF GLOBAL HOLDINGS LTD, | : | |
| MF GLOBAL HOLDINGS USA INC., | : | |
| MF GLOBAL FINANCE USA, INC.; | : | |
| MF GLOBAL INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | X | |

### PLAINTIFFS' MOTION  FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7015

Plaintiffs Todd Thielmann, Pierre-Yvan Desparois, Natalia Sivova, Sandy Glover-

Bowles, and Arton Sina,  Individually, and on behalf of All Other Similarly Situated Former

Employees (collectively, the "Plaintiffs"), by and through their undersigned attorneys, hereby

file this Motion for leave to file the Third Amended Complaint (the "Motion to Amend"), in the

form substantially set forth in Exhibit A, under Federal Rule of Bankruptcy Procedure 7015

which incorporates by reference Federal Rule of Civil Procedure 15(a)(2) and in support thereof respectfully represents as follows:

## I.    Introduction

1.    Plaintiffs seek leave to file a Third Amended Complaint to add two similarly situated former employees as class plaintiffs. A copy of the proposed Third Amended Complaint is attached hereto as Exhibit A. A blackline copy of the Third Amended Complaint reflecting the changes that Plaintiffs are proposing is attached hereto as Exhibit B. Plaintiffs request leave to amend to add two named plaintiffs and to clarify non-substantive issues and minor typographical errors within the Second Amended Complaint.

## II.    Requests for Leave to Amend the Complaint Are Freely Granted Under Rule 15

2.    Federal Rule of Civil Procedure 15, which is applicable to adversary proceedings pursuant to Bankruptcy Rule 7015, establishes a liberal standard for amendment of the pleadings. Fed. R. Civ. P. permits a party to amend a pleading with leave of court and provides that such leave "shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178 (1962); *Dole v. Arco Chemical Co.,* 921 F.2d 484, 486 (3rd Cir. 1990) ("In evaluating challenges to the denial of opportunity to amend we have held consistently that leave to amend should be granted freely.").

3.    A policy of favoring decisions on the merits, rather than on the technicalities, underlies this rule: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 181-82; *see also Dole,* 921 F.2d at 487. The Supreme Court has explicitly rejected the idea "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome," and the Federal Rules of Civil Procedure make clear that "the purpose

PHIL1 4576322v.1

of pleading is to facilitate a proper decision on the merits." *Foman*, 371 U.S. at 181-182.

4.    Delay alone, without prejudice or surprise, is an insufficient basis to deny leave to amend. *See, e.g., USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004); *see also Eddy v. Virgin Islands Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) ("[u]nless the opposing party will be prejudiced, leave to amend should generally be allowed"). The Supreme Court has emphasized that, absent an apparent justification such as undue delay, bad faith or undue prejudice to the opposing party, leave to amend should be freely given; indeed, refusal to grant leave is "inconsistent with the spirit of the Federal Rules." *See Foman*, 371 U.S. at 182; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) ("[t]he liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case").

5.    While a trial court has the discretion to grant or deny leave to amend, leave to amend should be freely granted, as F.R.Civ.P 15(a) requires, unless there is sufficient reason to deny leave. *Foman*, 371 U.S. at 182. Reasons to deny leave include undue delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies in former amendments, and futility of amendment. *Id.; see also Cureton v. NCAA*, 252 F.3d 267, 273 (3rd Cir. 2001). The burden of proof is on the non-movant to establish the grounds for denying a motion for leave to amend. *Dole*, 921 F.2d at 488; *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989); *See also Pegasus Dev. Corp. v. DIRECTV, Inc.*, 2002 WL 598457, *2 (D. Del. Apr. 18, 2002). The court should grant a motion for leave to amend if the non-movant fails to meet this burden. *See Pegasus*, 2002 WL 598457 at 2-3. In this case, none of these factors warrants the denial of the request for leave to file the Third Amended Complaint to add plaintiffs which were only recently determined to be available by

3

Plaintiffs.

6.      In *Mick v. Level Propane Gases, Inc.*, 203 F.R.D. 324, 326 (D.C. S.D. Ohio 2001), plaintiffs sought to add four (4) class plaintiffs whose claims were typical of the entire class.  Plaintiffs argued that while the request for leave to amend was untimely as the class had already been certified, the defendant was in no way prejudiced by the inclusion of the additional proposed individuals as class representatives because the claims raised by the proposed plaintiffs were typical of the entire class.  *Mick*, 203 F.R.D. at 326.  The Court permitted the amendment and the addition of four class representatives because the claims presented one question common to the class.  *Id.* at 328.

7.      In *Gould v. Motel 6, Inc.*, 2011 WL 759472 (C.D. Cal. Feb. 22, 2011), the named plaintiff sought to add class representatives after defendant challenged the ability of the existing named plaintiffs to adequately represent the class.  The district court granted plaintiffs' motion for leave to amend over defendant's objection and despite the application of the more stringent "good cause" standard for amendments in Rule 16, rather than the liberal standard set forth in Rule 15(a)(2).  *Id.* at *2.  In *Gould*, unlike here, substantial discovery had already occurred, including written discovery and the deposition of one of the named plaintiffs.  *Id.* at *4.  The *Gould* Court granted plaintiff's motion for leave to amend, concluding that good cause existed and rejecting defendant's claim of prejudice where discovery had not yet been completed.  The Court further concluded that it was persuaded that plaintiffs had been diligent in attempting to find additional potential class representatives.

8.      Similarly, in *Darling v. Gristede's Operating Corp.*, 268 F.R.D. 91 (S.D.N.Y. 2010), the Court granted plaintiffs' motion for leave to amend to add an additional named plaintiff despite defendant's objections of prejudice, delay, unfair surprise and futility.  Unlike the

4

case at hand, the proposed additional plaintiff in *Darling* had claims which, although related, were not identical to the existing claims. Nevertheless, the court granted the motion for leave to amend concluding that defendant was not prejudiced and noted that the amendment served judicial economy.

9.    The additional proposed plaintiffs in this case have common claims as the existing class plaintiffs. Further, this case is in the early stages of discovery and, therefore, Defendants will not be prejudiced by the addition of two plaintiffs.

## A.    There has Been No Undue Delay

10.    "[T]he passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams v. Gould, Inc.,* 739 F.2d 858, 868 (3rd Cir. 1984); *Cureton,* 252 F.3d 267, 273 (3d Cir. 2001). Delay alone is an insufficient ground to deny leave to amend. *Cureton,* 252 F.3d at 273; *Centerforce Techs., Inc. v. Austin Logistics, Inc.*, 2000 WL 652943, *4 (D. Del. March 10, 2000). The non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Dole,* 921 F.2d at 488 (citing *Bechtel,* 886 F.2d at 652); *see also Heyl & Patterson Intern. v. F.D. Rich Housing,* 663 F.2d 419, 426 (3d Cir. 1981), *cert. denied,* 455 U.S. 1018 (1982); *Procter & Gamble Co. v. Nabisco Brands, Inc.,* 125 F.R.D. 405, 409 (D. Del. 1987) ("a showing of undue prejudice or unfair disadvantage to the non-movant is required before delay provides an adequate basis for denial"); *Hill v. Equitable Bank, N.A.,* 109 F.R.D. 109, 112 (D. Del. 1985).

11.    Determinations of undue delay have generally been limited to egregious cases. *See, e.g., Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993) (finding "unreasonable" delay where proposed amendment was requested three years after the action was originally filed and

5

nearly two years after the complaint had already been amended for the second time.); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (affirming denial of leave to amend in light of duration of case, previous granting of leave to amend the complaint and the substantial effort and expense of resolving defendants' motion to dismiss that first amended complaint); *Cornell & Co. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820 (3d Cir. 1978) (administrative board abused its discretion in allowing amendment of complaint which changed legal and factual basis for alleged violation nine days before hearing). Here, Plaintiffs seek to amend to add plaintiffs as soon as the additional parties were discovery by Plaintiffs. As a result, the Court should permit the complaint to be amended.

**B.      Granting the Request to Amend Will Not Prejudice Defendants**

12.      This Court should allow an amendment under Rule 15(a) absent proof that the requested amendment would seriously impair the parties' ability to present their cases. A party opposing a request to amend is "required to demonstrate that its ability to present its case would be seriously impaired were the amendment allowed." *Dole*, 921 F.2d at 488, *see also Centerforce*, 2000 WL 652943 at 6 (finding no prejudice and granting motion to amend in part because of shared basis of original and amended claims and minimal need for additional discovery); *Bechtel*, 886 F.2d at 652 (finding no prejudice because defendant would not be "deprived of the chance to present facts or evidence since this case is still in the initial stages of discovery."); See also *In re Hanlin Group, Inc.*, 185 B.R. 703, 707 (Bankr. D.N.J. 1995)(no prejudice by permitting the addition of four members as class plaintiffs despite the pending trial date and pending motion to dismiss because additional plaintiffs had direct claims against defendant seeking WARN Act damages).

13.      Here, the parties have just embarked on the discovery process and producing

6

documents related to the class certification stage. Plaintiffs have and will continue to produce any additional documents related to the proposed additional plaintiffs. As a result, neither party will require additional discovery. Accordingly, this factor weighs in favor of granting leave to amend.

### C.    The Plaintiffs Have No Bad Faith or Dilatory Motive

14.    The court may deny a motion for leave to amend upon the non-movant's establishment of bad faith or a dilatory motive. *Foman*, 371 U.S. at 182. To establish bad faith, the non-movant must present extrinsic evidence. *See Adams*, 739 F.2d at 868; *see also Cureton*, 252 F.3d at 274 (district court properly denied leave to amend upon finding that motive behind substantial lapse in time was due solely to plaintiffs' misplaced confidence in their original claim theory). Here, there is nothing reflecting bad faith or dilatory motive on the part of the Plaintiffs which would warrant the denial of the requested amendment.

### D.    There is No Failure to Cure Deficiencies in Prior Amendments or Futility of Amendment

15.    Plaintiffs have acted as quickly as possible in filing this amendment after the issuance of the August 14, 2014 Order on appeal reinstating this case ("Reinstatement Order"), the withdrawal of Defendant's appeal to the Second Circuit concerning the Reinstatement Order and the first status conference concerning the reinstatement of proceedings that took place on February 18, 2015. This Motion is the Plaintiffs' first motion for leave to amend the Complaint, although there have been two prior amendments. The First Amended Complaint, filed on December 12, 2011, reflected the Court's consolidation of three separate WARN adversary proceedings against the Defendants. The Second Amended Complaint was filed following the Court's October 23, 2012 Order ("First Dismissal Order") dismissing claims against MFGI, and also finding the allegations of the First Amended Complaint deficient in that they failed to flesh out whether the

7

Chapter 11 Debtors were reorganizing or liquidating when the layoffs occurred and failed to indicate where each Plaintiff worked, who gave them a notice of termination and when it was given. (Doc. 63 at 20 of 23). The First Dismissal Order allowed the filing of an amended complaint to cure these deficiencies. Plaintiffs filed the Second Amended Complaint on or about November 26, 2012. Accordingly, the potential failure to cure deficiencies in prior amendments is not applicable as Plaintiffs have now promptly amended to address Defendants' recent arguments that Plaintiffs are not representative of the 300 or so employees in the global workforce who were, per Defendants' arguments, nominally employed by Holdings (MF Global Holdings Ltd, in conjunction with MF Global Holdings USA, Inc.) at the time of the November 2011 terminations. Furthermore, the amendment would not be futile. Futility means that a complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). A trial court may properly deny leave to amend the pleadings if the proposed amendment would not withstand a motion to dismiss or if it fails to state a cause of action. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983), *cert. denied,* 464 U.S. 937 (1983); *Adams,* 739 F.2d at 864. Here, the amended complaint remains unchanged other than to include two additional plaintiffs as class representatives with claims common to the existing plaintiffs and, therefore, continues to contain sufficient detail to withstand a motion to dismiss. Plaintiffs anticipate arguments from Defendants that the two additional named Plaintiffs signed releases in connection with Defendants' payments to them on certain bankruptcy claims. Plaintiffs contend, however, that such releases are invalid due to a failure of consideration (Plaintiffs were only paid for admitted claims against Defendants yet were asked to give up other contingent, disputed claims for which no consideration was given). Further, Defendants' misrepresentations to at least one newly proposed Plaintiff concerning the

8

status of the WARN claims (which she was being forced to give up in exchange for payment on the admitted claims) should serve to void the release. As such, this factor weighs in favor of permitting the amendment.

DATED: May 19, 2015

/s/ Charles A. Ercole
Charles A. Ercole (Pro Hac Vice)
Diana E. Lipschutz (Pro Hac Vice)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700

*Attorneys for Plaintiffs and the putative Class*

-And-

/s/ Jack A. Raisner
Jack A. Raisner (JR 6171)
René S. Roupinian (RR 3884)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for Plaintiffs and the putative Class*

| | | |
|---|---|---|
| /s/ Stuart J. Miller | | /s/ Mary E. Olsen |
| **LANKENAU & MILLER, LL** | -And- | **THE GARDNER FIRM, P.C.** |
| Stuart J. Miller (SJM 4276) | | Mary E. Olsen (OLSEN4818) |
| 132 Nassau Street, Suite 423 | | M. Vance McCrary (MCCRM4402) |
| New York, NY 10038 | | 201 S. Washington Avenue |
| Telephone: (212) 581-5005 | | Mobile, AL 36602 |
| | | Telephone: (251) 433-8100 |

*Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice and Attorneys for Plaintiffs and the putative Class*

9